JOURNAL ENTRY AND OPINION
Plaintiff-appellant Ron Hill appeals from an order of the juvenile court concerning child custody and visitation in this paternity action.
This case has been litigated for more than ten years since the child was born to plaintiff and defendant-appellee Deborah McClendon in August 1988. During the course of the proceedings, the parties while represented by counsel agreed on a shared parenting plan, which was adopted by the court. Under the plan, the child resided with her mother but visited her father on Wednesday evening and every other weekend. The parties subsequently had a series of disputes regarding visitation.
On April 11, 1997, plaintiff filed a motion to modify custody. The trial court appointed a guardian ad litem for the child. The matter was scheduled and continued several times. During this time, plaintiff went through a series of three court-appointed counsel. On December 21, 1998, plaintiff appeared without counsel for a scheduled hearing. The court granted him one final continuance and the matter was ultimately scheduled for trial on June 9, 1999, more than two years after the motion was filed. The trial court stated at that time that it would grant no further continuances.
On June 9, 1999, the day set to finally dispose of the matter, plaintiff appeared with counsel. Plaintiff and his counsel disagreed concerning the strategy of the case. The trial court granted his counsel's request to withdraw and denied plaintiff's motion for another continuance. During the course of the hearing, defendant made her own oral motion to dissolve the shared parenting plan. On July 27, 1999, the trial court awarded legal custody of the child to defendant and granted plaintiff visitation on Wednesday evenings and visitation on every other weekend. This visitation plan significantly extended the number of hours the child visited her father on the weekend. Plaintiff appeals raising three assignments of error.
Plaintiff's first assignment of error follows:
 THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION FOR APPOINTMENT OF NEW ASSIGNED COUNSEL MOTION FOR A CONTINUANCE TO COMPLETE THE SAME WHERE PREVIOUSLY APPOINTED COUNSEL WITHDREW ON THE SAME HEARING DAY.
This assignment lacks merit.
Plaintiff argues the trial court improperly refused both to appoint him counsel and to continue the proceedings for him to obtain new counsel. Under the circumstances, plaintiff has failed to show that the trial court erred or abused its discretion. In re Zhang (1999),135 Ohio App.3d 350, 354-355.
The record shows that plaintiff had at least four court-appointed attorneys to represent him during the course of the proceedings. Each counsel ultimately requested to withdraw, citing disagreements with plaintiff. Before the final hearing, the trial court granted plaintiff one last continuance and specifically informed him that it would grant no further continuances. On the day of the final trial, plaintiff appeared with counsel, but had another disagreement with this his fourth attorney.
Under the circumstances, plaintiff has not shown that the trial court abused its discretion by denying his request for yet another continuance. The matter had been pending for more than two years and the court had already notified him that no further continuances would be granted. The trial court could properly view plaintiff's conduct as either a delaying tactic, Zhang, supra, or as an indication that regardless of what counsel plaintiff obtained he would not be able to agree with counsel on trial strategy. The trial court was not required to cease further proceedings indefinitely until plaintiff could find counsel who would be more compliant with his wishes.
Accordingly, plaintiff's first assignment of error is overruled.
Plaintiff's second assignment of error follows:
 THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION FOR APPOINTMENT OF A NEW GUARDIAN AD LITEM BY NOT HAVING A HEARING THEREON SEPARATE FROM AND BEFORE PROCEEDING WITH ANY OTHER MATTERS WHERE THERE WAS A STRONG POSSIBILITY THAT THE GUARDIAN AD LITEM FOR THE CHILD AND THE APPELLANT HAD HAD AN UNWORKABLE HISTORY AND WERE CLEARLY AT ODDS.
This assignment lacks merit.
Plaintiff contends the trial court erred by failing to hold a pre-trial hearing concerning whether to replace the guardian ad litem. His one-paragraph argument in his brief refers to the fact that the guardian ad litem did not call any witnesses at trial and to the answers she gave which allegedly revealed her dislike for plaintiff while he cross-examined her.
The record shows that plaintiff made an oral motion to remove the guardian ad litem at the outset of the hearing on the merits of the case. He never filed a written motion prior to the hearing, however, and offered no evidence to establish that she was biased against him. Counsel for defendant objected to removing the guardian ad litem at this late stage in the proceedings. Counsel argued that the guardian had properly performed her duties and that obtaining a substitute guardian ad litem would delay any determinationin the case for an additional period of months. The trial court deferred ruling on the motion before trial and indicated that plaintiff would have an opportunity to cross-examine her to establish bias at trial.
After reviewing the record, we conclude that plaintiff has failed to show that the trial court committed any error or abused its discretion. See Cicchini v. Crew (Aug. 12, 1999), Cuyahoga App. No. 75591, unreported. Contrary to his argument on appeal, the guardian was not required to call any witnesses at trial and her testimony did not reveal any improper bias. The guardian testified that it was in the child's best interest to remain with defendant, her mother, as she had for approximately ten years. Her testimony revealed her reasons for her recommendation and did not reveal bias against plaintiff.
Accordingly, plaintiff's second assignment of error is overruled.
Plaintiff's third assignment of error follows:
 THE TRIAL COURT ERRED BY ALLOWING THE APPELLEE'S MOTION TO MODIFY THE CUSTODY AND ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES TO ELIMINATE THE SHARED PARENTING ORDER ORALLY AFTER THE HEARING HAD BEGUN.
This assignment lacks merit.
Plaintiff argues the trial court improperly permitted the mother to request changes in the shared parenting plan during the hearing. His one-paragraph argument in his brief on appeal cites no authority for this contention and contains only one sentence concerning this issue.
The record shows that plaintiff never raised this argument in the trial court and, therefore, waived any claim of error absent plain error. Plaintiff's brief on appeal does not argue, let alone show, that plain error occurred. The record shows that the hearing was to determine legal custody of the child. Any change in legal custody could affect the existing shared parenting plan. Defendant's request simply permitted the court to make any changes in her favor that the court believed were appropriate in light of the evidence presented at the hearing. In fact, the days during which the child visited the father remained the same, but the hours were extended with the effect that she could remain overnight on Sunday. Under the circumstances, plaintiff has not shown that the trial court abused its discretion or committed any reversible error.
Accordingly, plaintiff's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.